IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00939-MEH

JECKONIAS N. MURAGARA,

    Plaintiff,

v.

MONEYGRAM PAYMENT SYSTEM INTERNATIONAL,

    Defendant.

_____

**ORDER ON MOTION TO DISMISS**
_____

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Motion") [filed November 25, 2015; docket #42]. The Motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons that follow, the Court **grants** the Motion.[1]

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, proceeding *pro se*, initiated this action on May 5, 2015. Docket #1. His original Complaint alleged that Defendant MoneyGram[2] discriminated against him on the basis of race,

---

[1] Pursuant to 28 U.S.C. § 636(c) and the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges, the parties consented to the jurisdiction of this Court to conduct all proceedings in this civil action. Docket #35.

[2] Plaintiff's lawsuit mistakenly blends the names of MoneyGram Payment Systems, Inc., and its corporate parent, MoneyGram International, Inc. Defendant's Motion lists the correct name as MoneyGram Payment Systems, Inc. *See* docket #42 at 1.

color, and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and retaliated against him for having filed a lawsuit nearly 15 years ago, in 2001. Docket #1. At this Court's November 4, 2015 Scheduling Conference, Plaintiff stated that he desired to amend his Complaint to seek only a sole claim of retaliation. *See* docket #22. The Court thus ordered Plaintiff to file an amended complaint [*see* docket #34], which Plaintiff did on November 11, 2015 [*see* docket #40].

Defendant filed its first Motion to Dismiss on October 27, 2015 [*see* docket #27], which the Court dismissed as moot [*see* docket #41] based on the filing of Plaintiff's operative Amended Complaint [docket #40]. Defendant then filed the currently pending Motion on November 25, 2015 [docket #42]; Plaintiff filed his Response on December 5, 2015 [docket #47][3]; and Defendant filed its Reply on December 22, 2015 [docket #49]. The Amended Complaint seeks $280,000 in compensatory and punitive damages. Docket #40 at 4.

Plaintiff alleges he was wrongfully discharged by MoneyGram after Plaintiff filed a lawsuit in 2001 in which he accused the company of employment discrimination.[4] Plaintiff alleges no other

---

[3]Plaintiff's Response [*see* docket #47] indicated he would also like the Court to consider his previously filed response to the moot Motion to Dismiss [*see* docket #39]. The Court has done so.

[4]In 2001, Plaintiff brought a Title VII case for unlawful discrimination against "Moneygram Travelers Express." *See Muragara v. Moneygram Travelers Express*, 01-cv-000980-WDM-BNB. In keeping with its ability to take judicial notice of other cases filed in this court, *see St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979), the Court notes that Plaintiff has also filed six other lawsuits here since 2001, all alleging employment discrimination. *See Muragara v. Rumsfeld*, 01-cv-00522-WDM-CBS (dismissing action for failure to state a claim); *Muragara v. Health One*, 02-cv-00217-WDM-OES (dismissing claims with prejudice); *Muragara v. Metro Taxi, Inc.*, 04-cv-00297-REB-BNB (granting defendant's motion to dismiss or for summary judgment); *Muragara v. Prime Source*, 06-cv-00655-WYD-MEH (granting motion to dismiss with prejudice); and *Muragara v. Mackenzie Place*, 12-cv-00891-MSK-BNB (granting summary judgment in favor of defendant).

facts in the Amended Complaint. Thus, the Court also considers his original Complaint insomuch as it relates to the retaliation claim only, in an effort to give this *pro se* Plaintiff the opportunity to state a claim, taking all facts as true for the purpose of this Motion.[4] Appended to his original Complaint, Plaintiff provided his Charge of Discrimination filed with the Colorado Civil Rights Division on August 27, 2014, in which he alleges that, "On or about June 24, 2014, I was discharged from my job as a Compliance Agent in retaliation for having filed a lawsuit for discrimination against the company in or about 2000. Within about a week of starting training for my Compliance Agent job, I was informed that I was being discharged, but no reasons were given to me." Docket #1 at 9. Plaintiff thus alleges that Defendant has discriminated against him because of "retaliation." *Id.* at 2.

Defendant argues Plaintiff has failed to state a claim for retaliation and, as a result, that his case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See generally* docket #42.

## LEGAL STANDARDS

### I. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

Additionally, Plaintiff on the same day he filed his case before this Court, filed an almost identical complaint against Accountemps, the temporary agency that was his actual employer when he worked as a temporary employee for MoneyGram. *See* docket #42 at 9. That case, 15-cv-00932-RBJ-NYW, was dismissed December 8, 2015, based on failure to state a cognizable claim for discrimination or retaliation under Title VII. *See Muragara v. Accountemps*, 15-cv-00932-RBJ-NYW, dockets ##29, 39.

[4]Because the Complaint was superseded by the Amended Complaint, neither Defendant nor the Court need consider assertions or documents provided only in the Complaint and not the Amended Complaint. However, Defendant's Motion relies on the original Complaint in an attempt to garner material to discuss Plaintiff's claims [*see* docket #42 at 3, n.2]; thus, the Court considers Plaintiff's Complaint as well as his Amended Complaint.

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

## II.     Treatment of a *Pro Se* Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations

and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id*.

## **ANALYSIS**

Plaintiff asserts Defendant retaliated against him in 2014 for filing a lawsuit against Defendant in 2001. *See generally* docket #40. Defendant contends that Plaintiff's retaliation claim should be dismissed for failure to state a plausible claim for relief under Rule 12(b)(6). *See generally* docket #42.

The elements necessary to establish a *prima facie* case of retaliation claim under Title VII are (1) the plaintiff's protected opposition under Title VII, (2) an adverse employment action against the plaintiff, and (3) a causal connection between the protected opposition and the adverse employment action. *Zokari v. Gates*, 561 F.3d 1076, 1081 (10th Cir. 2009). Here, the only reference to a retaliation claim made by the Plaintiff in the Amended Complaint is to state that he "belongs to a protected class" and that he "suffered an adverse employment action by losing his previous job because of the MoneyGram retaliation." Docket #40 at 2. Even construing Plaintiff's filings liberally and looking to the original Complaint as well as the Amended Complaint, Plaintiff states only in conclusory fashion that he was retaliated against "for having filed a lawsuit against the company for discrimination in or about 2000." Docket #1 at 9. Plaintiff also filled out the pre-printed portion of the original Complaint form reflecting "retaliation" as the basis upon which the

Plaintiff claims he suffered discrimination. *Id*. at 2. Yet, there are no factual allegations supporting the retaliation claim – not in the Amended Complaint, the original Complaint, or in any other documents filed with the Court.

While Plaintiff fails to state the nature of his alleged protected activity, his filings with the Court leave only two options: (1) a 15-year-old Colorado unemployment claim, on which he prevailed; or (2) a 15-year-old federal lawsuit, which was dismissed with prejudice. Docket #1 at 3, 7. The Court agrees with Defendant that neither is sufficient to support Plaintiff's retaliation claim. With no facts to show causation between Plaintiff's protected activity and alleged retaliation, Plaintiff would have to rely on temporal proximity to prove his retaliation claim; however, a 15-year gap between the protected activity and the alleged retaliation is far too long to prove the claim. *See, e.g.*, *Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1181-82 (10th Cir. 2006) (nine months was too temporally remote to support inference of causation); *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (three-month period, standing alone, is insufficient to establish causation). The Tenth Circuit has made clear that "[u]nless there is very close temporal proximity between the protected activity and the retaliatory conduct, the plaintiff must offer additional evidence to establish causation." *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001). Here, Plaintiff has failed to show facts or temporal proximity to support his retaliation claim.

Plaintiff's narrative assertions sprinkled liberally throughout his filings with the Court do nothing to plausibly suggest entitlement to relief, instead providing only more bare assertions, such as the following:

- The Defendants can fool all of the people some of the time, and some of the people all of the time, but the Defendants cannot fool Plaintiff all the time by leaving him suffering damages for all economic losses caused by Defendants' conduct. Docket #1 at 2 (plural "defendants"

in original)
- Plaintiff in this case is not looking for free ride money as every step toward the goal of JUSTICE requires sacrifice, suffering, and struggle. *Id*. at 3.
- Plaintiff as all persons have certain natural, essential and inalienable rights, among which may be reckoned the right of enjoying and defending their lives and liberties; of acquiring, possessing and protecting property; and of seeking and obtaining their safety and happiness. Docket #40 at 2.

Thus, under *Iqbal* and *Twombly*, Plaintiff has failed to state a viable claim for retaliation under Title VII. *Iqbal*, 129 S. Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)).

## CONCLUSION

Therefore, based on the foregoing and the entire record herein, this Court **orders** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint [filed November 25, 2015; docket #42] is **granted** and the case is **dismissed with prejudice**.

Entered and dated at Denver, Colorado, this 4th day of January, 2016.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge