IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00939-MEH

JECKONIAS N. MURAGARA,

      Plaintiff,

v.

MONEYGRAM PAYMENT SYSTEM INTERNATIONAL,

      Defendant.

---

## ORDER ON MOTION FOR RECONSIDERATION

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiff's Motion for Review ("Motion") [filed January 11, 2016; docket #52], seeking reconsideration of the Court's decision granting Defendant's Motion to Dismiss [*see* docket #50] and subsequent final judgment [*see* docket #51]. As Plaintiff is proceeding *pro se*, the Court has construed his pleadings more liberally and held them to a less stringent standard than those drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons that follow, the Court **denies** the Motion.[1]

    Initially, the Court notes that Plaintiff's Motion contains no certificate of conferral pursuant to D.C. Colo. LCivR 7.1(a), which in itself is enough to deny the motion. *See McCoy v. West*, 965 F. Supp. 34, 35 (D. Colo. 1997). Furthermore, the Motion merely disagrees with the Court's prior

---

[1]Pursuant to 28 U.S.C. § 636(c) and the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges, the parties consented to the jurisdiction of this Court to conduct all proceedings in this civil action. Docket #35.

1

Order dismissing his case.  The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

Plaintiff offers nothing to suggest that any of these factors are implicated in this case.

The Court determines that Plaintiffs' Motion raises no basis to alter or amend the original Order.  As stated in the Order, under the standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), Plaintiff has failed to state a viable claim for retaliation under Title VII.  As specified in the Order, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556).  Plaintiff's restatement of his conclusory arguments in the current Motion does nothing to change the outcome that he failed state a viable retaliation claim as discussed in the Order.  *See* docket #50 (citing *Zokari v. Gates*, 561 F.3d 1076, 1081 (10th Cir. 2009) for the elements of retaliation).

Therefore, based on the foregoing and the entire record herein, this Court **orders** that Plaintiff's Motion for Review [filed January 11, 2016; docket #52] is **denied**.

2

Entered and dated at Denver, Colorado, this 13th day of January, 2016.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge